## FLANAGAN v. GILCHRIST.

1. In debt upon an attachment bond, the declaration should show that the attachment was wrongfully or vexatiously sued out, and that thereby the obligee has sustained damages.

Writ of Error to the County Court of Lowndes.

ACTION of debt, by Flanagan against Gilchrist. The declaration sets out that on a certain day, &c. one Wiley Rogers sued out an original attachment before one Stanly, a justice of the peace for Lowndes county, against the effects of the plaintiff, returnable to the Circuit Court of said county, by virtue of which writ the sheriff levied on two slaves, and then detained and kept the same under the said writ. That to procure the said writ the said Rogers entered into bond with Gilchrist and one Bedford as his sureties. The declaration then proceeds to set out the bond, with the condition; which is that the said Rogers should prosecute his attachment to effect, and pay and sa-

tisfy Flanagan all such costs and damages as he might sustain by the wrongful and vexatious suing out of such attachment. The breach assigned is, that Rogers did not prosecute his attachment to effect, nor pay Flanagan the costs, damages, &c. which he sustained by the wrongful and vexatious suing out of the attachment, by means whereof the said bond became forfeited, and the defendant liable to pay the penalty.

The defendant demurred to the declaration, and his demurrer was sustained. This is assigned as error.

G. W. Gayle, for the plaintiff in error, cited Herndon v. Forney, 4 Ala. Rep. 243.

No counsel appeared for defendant in error.

GOLDTHWAITE, J.—The question involved here has reference to the manner in which a breach of the condition of an attachment bond shall be assigned, when debt is the form of action. In Herndon v. Forney, 4 Ala. Rep. 243, we determined that such an action was proper, although the damages sustained by the obligee had not been ascertained in an action on the case against the person suing out the attachment; but then there was no necessity to determine how the pleadings should be. In the subsequent case of Hill v. Rushing, Ib. 212, the action was covenant, under similar circumstances, and the breaches then assigned were considered sufficient. In that suit, the declaration averred that the attachment had been sued out without any good and sufficient reason, and for wrongful and vexatious purposes; and that the plaintiff thereby had sustained damages to a specific amount, by reason of his slaves being levied on; also, in his having been compelled to pay costs, and employ counsel to defend himself from the attachment, and to regain his slaves; also, in his credit, which had been greatly injured. We further considered, that the action upon the bond was to be governed in all respects by the rules applicable to an action on the case, except that the recovery could not exceed the penalty of the bond.

In the case under consideration the breach is assigned, nearly in the words of the condition; but there is no averment that the attachment was either wrongfully or vexatiously sued out; nor is there a like averment that damages have resulted to the plain-

tiff from wrongfully or vexatiously suing it out. In our judg-ment the declaration is defective in both these particulars.

The general rule with respect to the assignment of breaches, is that they may be assigned by negativing the terms of the condition, but this is only when the performance does not depend upon some other event; whenever it does that event must be averred. Thus, it is said, that in debt upon a bond, conditioned that one should render an account of monies received, it should be averred that he did receive monies, and that he did not render an account of such monies. [1 Chitty's Plead. 326.] This seems decisive to show, that the averment that the defendant has not paid the costs and damages which the plaintiff has sustained by the wrongful or vexatious suing out of the attachment is defective, without averring that the attachment was sued out with that purpose; or that damages have resulted from it.

We think the demurrer was properly sustained, as the declaration does not conform to these views. Judgment affirmed.